UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARMEN MUNIZ,

                Plaintiff,

-against-

CVS ALBANY, L.L.C.,

                Defendant.

**ORDER**

21-CV-08179 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On October 4, 2021, CVS Albany, L.L.C. ("Defendant") filed a Notice of Removal seeking removal of this action from the Supreme Court of the State of New York, County of Westchester. (Doc. 1, "Not. of Removal"). For the following reasons, this matter is REMANDED to the Supreme Court of the State of New York, County of Westchester.

## BACKGROUND

On August 6, 2021, Carmen Muniz ("Plaintiff") filed a Complaint commencing this action against Defendant in the Supreme Court of the State of New York, County of Westchester. (*See* Not. of Removal ¶ 1; Doc. 1-1 at 10, 13). Plaintiff alleged that Defendant was negligent in placing a merchandise bin in its store, which allegedly caused her to trip and fall. (Compl. ¶¶ 20-21).

Defendant represents that "[t]he complaint and process were allegedly served upon State of New York, Secretary of State on August 17, 2021 and thereafter CT Corporation allegedly transmitted Service of Process for [Defendant]." (Not. of Removal ¶ 2). Defendant removed this action from state court under 28 U.S.C. §§ 1332, 1441, and 1446. (*Id*. ¶¶ 2, 5-6). Defendant argues that this Court may exercise subject matter jurisdiction over this dispute because "the matter in controversy, upon information and belief, exceeds $75,000, exclusive of interest and costs, and it is between citizens of different states." (*Id*. ¶ 2).

## ANALYSIS

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). "The Supreme Court has held that the party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy." *Villafana v. So*, No. 13-CV-00180, 2013 WL 2367792, at *1 (S.D.N.Y. May 29, 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994)). While Defendants need not "prove the amount in controversy to an absolute certainty," they have "the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Id*. (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendants' notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id*. (quoting *Lupo*, 28 F.3d at 273-74).[1]

Plaintiff does not state with specificity the damages she seeks through her action. Rather, she "demand[s] judgment against the defendant(s) for damages in excess of the jurisdictional limits of all lower courts on each of the causes of action, with interest, costs and disbursements as permitted by law." (Compl. at 6-7). Defendant, relying merely on Plaintiff's allegation in

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

paragraph 28 of the Complaint, "which states that as a result of the alleged incident, Plaintiff was caused to sustain and suffer 'serious and permanent injuries and incur substantial medical expenses,'" insists that the amount-in-controversy exceeds $75,000. (Not. of Removal ¶ 1 (citing Compl. ¶ 28)). Defendant, however, fails to meet its burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as it "'cannot meet [its] burden by relying on inferences drawn from [Plaintiff's Complaint], because the [C]omplaint does not allege a damages amount.'" *Wright v. JB Hunt Transp. Inc.*, No. 19-CV-02414, 2019 WL 1936725, at *2 (E.D.N.Y. May 1, 2019) (quoting *Herrera v. Terner*, No. 16-CV-04610, 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016)). Indeed, neither the Complaint nor the Notice of Removal "contains sufficient information specifying the nature and extent of [Plaintiff's] injuries that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied." *Brown v. NutriBullet, LLC*, No. 19-CV-05421, 2019 WL 5287960, at *2 (E.D.N.Y. Oct. 18, 2019).

As federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability," *Lupo*, 28 F.3d at 274 (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)), Defendant's conclusory argument that the amount in controversy must exceed $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdictional threshold of 28 U.S.C. § 1332(a) has been met. *See Brown*, 2019 WL 5287960, at *2 (alleging that the amount in controversy exceeds $75,000 upon information and belief, without more, is insufficient); *Villafana*, 2013 WL 2367792, at *2; *Sailer v. Responsive Trucking, Inc.*, No. 12-CV- 04822, 2012 WL 4888300, at *2 (S.D.N.Y. Oct. 15, 2012); *see also Daversa v. Cowan Equip. Leasing, LLC*, No. 20-CV-00163, 2020 WL 967436, at *3 (E.D.N.Y. Feb. 28, 2020); *Hughes v. Target Corp.*, No. 17-CV-03548, 2017 WL 2623861, at *2 (E.D.N.Y.

June 15, 2017) ("Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction.").

## **CONCLUSION**

Based upon the foregoing, the Court concludes that Defendant failed to satisfy its burden of establishing that the amount-in-controversy exceeds $75,000. Removal is therefore improper. Accordingly, this action is REMANDED to the Supreme Court of the State of New York, County of Westchester. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Westchester, and to close this action. All pending matters are hereby terminated.

SO-ORDERED:

Dated: White Plains, New York
October 6, 2021

_____
Philip M. Halpern
United States District Judge